IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,232
 




 

EX PARTE ALONZO MUNOZ, Applicant






ON APPLICATION FOR WRIT OF HABEAS CORPUS 

CAUSE NUMBER 92-01-02983-CR IN THE79TH JUDICIAL 

DISTRICT COURT BROOKS COUNTY 





 Per Curiam.


 


O P I N I O N



 This is an application for a writ of habeas corpus which was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Article 11.07, Section 3 of the
Texas Code of Criminal Procedure. Ex Parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App.
1967). Applicant was convicted of delivery of cocaine and his punishment was assessed at
forty-five years imprisonment. In an unpublished opinion, the Fourth Court of Appeals
dismissed Applicant's appeal for want of jurisdiction because his notice of appeal was
untimely filed. Munoz v. State, No. 04-00-00182-CR (Tex. App. - San Antonio , no pet.).

 In the instant application, Applicant contends that he was denied his right to appeal
due to his attorney's failure to timely file his notice of appeal. 

 After an evidentiary hearing, the trial court has found that Applicant was denied his
right to a meaningful appeal due to the ineffective assistance of his counsel. As such, the
court has recommended that Applicant be granted the opportunity to file an out-of-time
appeal. We agree. Applicant is granted the opportunity to file an out-of-time appeal from
his conviction and sentence in cause number 92-01-02983-CR from the 79th Judicial District
Court of Brooks County, Texas. Applicant is ordered returned to that point in time at which
he may give a written notice of appeal so that he may then, with the aid of counsel, obtain
a meaningful appeal. For purposes of the Texas Rules of Appellate Procedure, all time limits
shall be calculated as if the sentence had been imposed on the date that the mandate of this
Court issues. We hold that should Applicant desire to prosecute an appeal, he must take
affirmative steps to see that a written notice of appeal is given within thirty days after the
mandate of this Court has issued.

 


DELIVERED: August 31, 2005

DO NOT PUBLISH